UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANIEL KEITH WILSON, | No. 2:23-cv-01358 DAD-EFB (PC) |
| Plaintiff, | |
| v. | ORDER VACATING FINDINGS AND RECOMMENDATIONS |
| SISKIYOU COUNTY JAIL, | |
| Defendant. | |

Plaintiff is a former prisoner proceeding without counsel. ECF No. 1. On July 19, 2023, the postal service returned mail directed to plaintiff marked: "Undeliverable, No Longer Here." Because a party appearing without counsel must keep the court and all parties apprised of his or her current address (E.D. Local Rule 183(b)), this court recommended dismissal of this action without prejudice when plaintiff failed to notify the court of his current address within the required time period. ECF No. 14.

Plaintiff has since updated the court with his current address and objected to the proposed dismissal. ECF No. 15. Plaintiff has also moved for "zero time constraints and opportunity to refile until I get it right." *Id.* In addition, plaintiff moved for appointment of counsel and for in forma pauperis (IFP) status before this matter was transferred to the Eastern District. ECF Nos. 8 and 9. Because plaintiff has now updated his address, this court withdraws its recommendation of

1

dismissal and proceeds to screening of plaintiff's complaint. ECF No. 1. This court will also address plaintiff's other docketed motions.

## Leave to Proceed In Forma Pauperis

Plaintiff, who no longer appears to be incarcerated, has filed an application to proceed IFP in a non-prisoner case. ECF No. 8. Plaintiff's application, however, is incomplete. For example, plaintiff has not fully completed sections 1, 4, 8 or 10. Accordingly, plaintiff's motion for leave to proceed IFP is denied without prejudice.

## Motion for Appointment of Counsel

District courts lack authority to require counsel to represent indigent plaintiffs in section 1983 cases. *Mallard v. United States Dist. Court*, 490 U.S. 296, 298 (1989). In exceptional circumstances, the court may request an attorney to represent voluntarily such a plaintiff. *See* 28 U.S.C. § 1915(e)(1); *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991); *Wood v. Housewright*, 900 F.2d 1332, 1335-36 (9th Cir. 1990). When determining whether "exceptional circumstances" exist, the court must consider the likelihood of success on the merits as well as the ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved. *Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009). Having considered those factors, the court finds there are no exceptional circumstances in this case.

## Screening Standards

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief." *Id.* at § 1915A(b).

A pro se plaintiff, like other litigants, must satisfy the pleading requirements of Rule 8(a) of the Federal Rules of Civil Procedure. Rule 8(a)(2) "requires a complaint to include a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atl. Corp. v.*

*Twombly*, 550 U.S. 544, 554, 562-563 (2007) (citing *Conley v. Gibson*, 355 U.S. 41 (1957)). While the complaint must comply with the "short and plain statement" requirements of Rule 8, its allegations must also include the specificity required by *Twombly* and *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

To avoid dismissal for failure to state a claim, a complaint must contain more than "naked assertions," "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555-557. In other words, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice." *Iqbal*, 556 U.S. at 678.

Furthermore, a claim upon which the court can grant relief must have facial plausibility. *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. When considering whether a complaint states a claim upon which relief can be granted, the court must accept the allegations as true, *Erickson v. Pardus*, 551 U.S. 89 (2007), and construe the complaint in the light most favorable to the plaintiff. *See Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974).

<u>Screening Order</u>

Plaintiff's complaint, which is captioned "Medical Malpractice," is presented as a two-page letter to the court and is not filed on the form typically used in filing a complaint under the Civil Rights Act, 42 U.S.C. § 1983. ECF No. 1. His complaint alleges that, due to staff neglect, he contracted a staph infection in his foot while in Siskiyou County Jail. *Id.* at p. 2. Plaintiff further alleges that also due to staff neglect, his infection spread, and was eventually diagnosed as MRSA. *Id.* Among other relief, plaintiff demands "that all staff and head medical lady be prosecuted for harassment, medical malpractice for her. . . ." *Id.*

To state a claim under section 1983, a plaintiff must allege: (1) the violation of a federal constitutional or statutory right; and (2) that the violation was committed by a person acting under the color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988); *Jones v. Williams,* 297 F. 3d 930, 934 (9th Cir. 2002). An individual defendant is not liable on a civil rights claim unless the

facts establish the defendant's personal involvement in the constitutional deprivation or a causal connection between the defendant's wrongful conduct and the alleged constitutional deprivation. *See Hansen v. Black*, 885 F. 2d 642, 646 (9th Cir. 1989).

Here, plaintiff does not identify any individual defendant, and instead names "Siskiyou County Jail" as the sole defendant. While "[m]unicipalities and other local governmental units . . . [are] among those persons to whom § 1983 applies," *Monell v. Dep't of Soc. Servs.,* 436 U.S. 658, 690 (1978), a municipal entity or its departments is liable under section 1983 only if a plaintiff shows that his or her constitutional injury was caused by employees acting pursuant to the municipality's policy or custom. *See Villegas v. Gilroy Garlic Festival Ass'n,* 541 F.3d 950, 964 (9th Cir. 2008). This plaintiff does not do.

Plaintiff's allegations are too vague and conclusory to state a cognizable claim for relief. Although the Federal Rules adopt a flexible pleading policy, a complaint must give fair notice and state the elements of the claim plainly and succinctly. *Jones v. Community Redev. Agency*, 733 F.2d 646, 649 (9th Cir. 1984). Plaintiff must also name the particular defendants against whom he is filing his complaint, and he must allege with at least some degree of particularity overt acts which any defendants engaged in that support plaintiff's claim. *See id.*

In addition, it is important to differentiate common law negligence claims of malpractice from claims predicated on violations of the Eighth Amendment's prohibition of cruel and unusual punishment. In asserting the latter, "[m]ere 'indifference,' 'negligence,' or 'medical malpractice' will not support this cause of action." *Broughton v. Cutter Laboratories*, 622 F.2d 458, 460 (9th Cir. 1980) (citing *Estelle*, 429 U.S. at 105-06); *see also Toguchi v. Chung*, 391 F.3d 1051, 1058 (9th Cir. 2004). Rather, plaintiff must show a deliberate disregard for a known medical need. Because plaintiff does not do so, and because of the additional deficiencies in plaintiff's complaint discussed *supra*, the court will dismiss plaintiff's complaint with leave to file an amended complaint.

////

////

////

Leave to Amend

Plaintiff may choose to amend his complaint. He is cautioned that any amended complaint must identify as a defendant only persons who personally participated in a substantial way in depriving him of his constitutional rights. *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978) (a person subjects another to the deprivation of a constitutional right if he does an act, participates in another's act or omits to perform an act he is legally required to do that causes the alleged deprivation). Plaintiff may also include any allegations based on state law that are so closely related to his federal allegations that "they form the same case or controversy." *See* 28 U.S.C. § 1367(a).

The amended complaint must also contain a caption including the names of all defendants. Fed. R. Civ. P. 10(a).

Plaintiff may not change the nature of this suit by alleging new, unrelated claims. *See George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007). Nor may he bring unrelated claims against multiple defendants. *Id.*

Any amended complaint must be written or typed so that it so that it is complete in itself without reference to any earlier filed complaint. E.D. Cal. L.R. 220. This is because an amended complaint supersedes any earlier filed complaint, and once an amended complaint is filed, the earlier filed complaint no longer serves any function in the case. *See Forsyth v. Humana*, 114 F.3d 1467, 1474 (9th Cir. 1997) (the "'amended complaint supersedes the original, the latter being treated thereafter as non-existent.'") (*quoting Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967)).

Any amended complaint should be as concise as possible in fulfilling the above requirements. Fed. R. Civ. P. 8(a). Plaintiff should avoid the inclusion of procedural or factual background which has no bearing on his legal claims. He should also take pains to ensure that his amended complaint is as legible as possible. This refers not only to penmanship, but also spacing and organization. Plaintiff should carefully consider whether each of the defendants he names actually had involvement in the constitutional violations he alleges. A "scattershot" approach in which plaintiff names dozens of defendants will not be looked upon favorably by the court.

Order

In accordance with the above, it is ORDERED that:

1. The recommended dismissal of this action for failure to update the court with a proper address (ECF No. 14) is rescinded, due to plaintiff providing an updated address (ECF No. 15);

2. Plaintiff's complaint (ECF No. 1) is dismissed with leave to amend within 30 days of service of this order;

3. Plaintiff's motion for "zero time constraints" and limitless opportunities to refile (ECF No. 15) is denied;

4. Plaintiff's motion to proceed IFP (ECF No. 8) is denied without prejudice. Plaintiff is ordered to either pay the statutory filing fee or submit a completed application to proceed IFP within 30 days of service of this order;

5. Plaintiff's motion to appoint counsel (ECF No. 9) is denied.

Dated: April 24, 2024

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE